# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Carolyn J. Cline, et al., | : | Case No. 1:04CV0833 |
| Plaintiff | : | Judge Ann Aldrich |
| v. | : | Magistrate Judge David S. Perelman |
| Delmer C. Gowing, III, et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendant | : | |

Before this Court for determination pursuant to the Order of referral of District Judge Aldrich are the following motions:

1. "Motion Of Defendant Philip A. Torre To Stay All Pending Civil Claims Against Him" (Doc. #42).

2. "Plaintiff's Motion To Compel Delmer C. Gowing, III To Respond To First Set Of Requests For Production And First Set Of Interrogatories" (Doc. #53).

3. "Plaintiff's Motion To Compel Philip A. Torre to Respond To First Set Of Requests For Production Of Documents And First Set Of Interrogatories" (Doc. #54).

4. "Defendant Philip A. Torre's Motion For Additional Time To Respond To Plaintiff's Discovery Requests And For Adequate Time To Propound Discovery Requests To Plaintiff [sic]" (Doc. #56).

5. "Defendant Philip A. Torre's Motion For Adjournment Of Deadline to File Dispositive Motions And To Respond To Discovery " (Doc. 60).

6. "Plaintiffs' Motion For The Court To Revise Case Management Order of

August 24, 2005" (Doc. 61).

Resolution of plaintiff's motion to compel as to defendant Gowing is a simple matter. There has been no response thereto, and, therefore, it is granted for want of opposition.

The remaining motions, other than to revise the case management order, are all related in that they present the issue of whether defendant Torre should be relieved of the obligation to participate in this litigation at this time.

In his initial motion filed October 7, 2004 he maintained that he should be permitted to do so "during the pendency of an ongoing grand jury investigation in the Northern District of Ohio being conducted by the U.S. Attorney for that district and any resulting criminal trial,"[1] maintaining: (1) "plaintiffs' claims will not be prejudiced by a delay because a pending criminal action forces all Defendants to maintain and preserve all their pertinent records"; (2) "a disposition in the pending criminal trial favorable to Torre, or unfavorable to Torre, is likely to lead to a resolution of this action in some form"; (3) "the time and effort required of Torre to defend both the criminal and the civil action will severely prejudice and strain his resources"; and (4) "a stay in this case will act to conserve judicial resources, because it is likely that if a criminal trial occurs, the trial proceedings in this case will be shortened considerably."[2]

The same issue, whether defendant Torre's participation in this litigation should be deferred, is raised under the motions identified as numbers three and five above.

---

[1] Although Mr. Torre has not provided hard evidence, such as a target letter, that he personally, rather than a business entity with which he is associated, is the subject of a criminal investigation plaintiffs have not questioned his assertion that this is so.

[2] Although not asserted as a basis of the motion, this Court finds offensive the comment in a footnote "As both counsel for the Plaintiff are former U.S. Attorneys, it is not difficult to believe there will be a sharing of information with the prosecuting attorney should a criminal action be pursued." If counsel truly believes this might occur his recourse would be to seek an order from the court precluding such questionable conduct.

As the parties do not appear to differ as to the law which applies to these motions, which is well summarized in the decision of Judge O'Malley in <u>In re: Scrap Metal Antitrust Litigation</u>, Case No. 1:02CV0844, 2002 WL 31988168 (N. D. Oh., May 3, 2002), this Court sees no need to restate those principles and will proceed to consideration of the arguments advanced by defendant Torre, who bears the burden of persuading the court that he is entitled to the relief he seeks.

At the outset, it does not appear that there is any indication how long the hiatal period sought by defendant Torre may last. It is now almost ten months since his initial motion was filed and nothing has been forthcoming speaking to the progress of whatever criminal investigation may be ongoing. Plaintiffs maintain that in this case the old adage "justice delayed is justice denied" is particularly apropos for the reasons that:

> ...the plaintiffs would be greatly prejudiced by a stay of civil discovery for any of the defendants in this case, including Mr. Torre. Doctor Cline's health is very poor. She is the victim of an incurable progressive disease, chronic neurologic lime disease, that disabled her during the course of the Civil RICO fraud scheme. It is of primary importance to Dr. Cline that she timely pursue recovery of her defrauded monies in order to support herself in her final stages of disability. Discovery may produce additional potential defendants and, since a number of the facts in the case occurred in the Year [sic] 2000, the statute of limitations may bar recovery against them if discovery in this case is delayed. Given the age and health of key witnesses, some may not be available to the plaintiffs in the future. Witnesses' memories might fade and witnesses might relocate outside the jurisdiction of this Court, perhaps to unknown locations. Documents and other tangible evidence of the conspiracy may be destroyed or lost.

Defendant Torre has presented nothing refuting these cogent considerations.

The suggestion that the outcome of a criminal prosecution is likely to lead to resolution of plaintiff's claims against defendant Torre is sheer speculation. Should the government indict him and then ultimately fail to prove his guilt beyond a reasonable doubt that would not preclude the plaintiffs from attempting to

3

prove their claims under the lesser standard of a preponderance of the evidence. A conviction of Mr. Torre would, at the least, still leave open the considerable issue of the damages plaintiffs might be entitled to recover.

With regard to the assertion that defendant Torre cannot bear the burden of going forward in this litigation while the threat of criminal prosecution hangs over his head, he has presented no evidence of the resources he has available to draw upon. Absent a showing, by way of certified financial statements or otherwise, that there is substance to this position this Court considers it nothing more than argument.

Finally, this Court is unable to perceive how a criminal trial would work to shorten a trial in this case, and defendant Torre's contention in this regard sheds no light on that subject.

In sum total, this Court does not believe that defendant Torre has demonstrated that the consideration of the pendency of a criminal investigation in which he may be implicated is paramount over the plaintiffs' (and the public's) interest in this litigation going forward.

This being so, defendant Torre's motion to stay all claims is denied, and plaintiffs' motion to compel is granted.

The granting of the motion to compel should not be misread. It merely means that defendant Torre is obliged to respond to plaintiffs' discovery, and has no bearing on his entitlement to interpose objections of any nature to discrete discovery request. Further, plaintiffs' request for an award of sanctions consequent to this motion is denied.

While this Court considered defendant Torre's motion for additional time to engage in discovery to be an anomaly when filed, considering his efforts to avoid any role in this litigation, it now is relevant considering this Court's rejection of that effort. That motion and the motion for adjournment will both be

deemed granted, as will be plaintiff's motion to revise the case management order.

Pursuant to Judge Aldrich's directive that this Court set new pretrial dates, this Court, bearing in mind that Judge Aldrich's case management order contemplated a discovery period of almost seven months and not being apprised of what discovery has been completed while these motions were pending, will extend the time for completion of all discovery to December 30, 2005 and the date for motion practice to February 17, 2006. The setting of a trial date will be reserved for Judge Aldrich.[3]

**IT IS SO ORDERED.**

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: July 28, 2005

---

[3]As the Order of Reference of this action was to rule on the pending motions and to set new pretrial dates, for the purpose of docket control the reference will be closed by the clerk and further pleadings shall bear only the name of Judge Aldrich.